## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VICTOR PEREZ ESPINOZA,** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Civ. No. 26-2249** |
| | : | |
| **JL JAMISON,** *et al.*, | : | |
| **Respondents.** | : | |

### O R D E R

Victor Perez Espinoza, who is represented by counsel, petitions for habeas relief, urging

that his DHS detention violates the Due Process Clause, Immigration and Nationality Act, and

Administrative Procedure Act.  (Doc. Nos. 1, 3, 4.)  Because Petitioner is subject to lawful

detention, and I may not enjoin his pending removal, I will deny his Petitions and the Motion.

## I.    BACKGROUND

Espinoza is a citizen of Mexico.  (Doc. No. 4 at 4.)  In approximately 1999, he entered the

United States illegally.  (Id.)  In August 2012, ICE initiated removal proceedings against Petitioner,

issuing a Notice to Appear that charged him as removable under 8 U.S.C. § 1182.  (Doc. No. 7-1.)

In April 2017, after Espinoza failed to appear in Newark Immigration Court, an Immigration Judge

determined that he had abandoned his application to cancel removal under INA § 240A(b)(1)

(8 U.S.C. § 1229b(b)(1)).  (Doc. Nos. 4 at 4, 7-2.)  Espinoza appealed to the Board of Immigration

Appeals, which dismissed his case in April 2018.  (Doc. Nos. 4 at 5, 7-3.)

On April 3, 2026, ICE arrested Espinoza and transferred him to the Philadelphia Federal

Detention Center (although the transfer date is unclear).  (Doc. No. 4 at 5.)  He is currently detained

at the Moshannon Detention Center (in the Middle District of Pennsylvania), and scheduled to be

removed tomorrow, April 10, 2026.  (See Doc. No. 8.)  On April 7, 2026, Espinoza promptly filed

the instant habeas Petition, Motion for Temporary Restraining Order, and "Verified Petition,"

1

seeking his immediate release.  (Doc. Nos. 1, 3, 4.)  Espinoza also asks me to enjoin his removal or transfer outside of the Eastern District—a request that is now moot.  (Doc. No. 4 at 11.)  Because one of the Respondents, the Acting Director of the ICE Philadelphia Field Office's Enforcement and Removal Operations, is based in the Eastern District, I have jurisdiction to hear Espinoza's Petition.  See Demirel v. Fed. Det. Ctr. Phila., No. 25-5488, 2025 WL 3218243, at *2 (E.D. Pa. Nov. 18, 2025).

The Government opposes Petitioner's requests for relief.  (Doc. No. 7.)  The matter is fully briefed.  (Doc. Nos. 1, 3, 4, 7.)

## II.    LEGAL STANDARDS

I may grant habeas relief to any person "in custody in violation of the Constitution or laws or treaties of the United States."  8 U.S.C. § 2241(c)(3).  "Habeas is a core remedy for unlawful executive detention" that is "regularly invoked on behalf of noncitizens."  Munaf v. Geren, 553 U.S. 674, 693 (2008); INS v. St. Cyr, 533 U.S. 289, 301 (2001).  "[H]abeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."  Zadvydas v. Davis, 533 U.S. 678, 688 (2001).

## III.    LAWFUL DETENTION

There is no dispute that Espinoza is being detained under 8 U.S.C. § 1231(a), which "governs the detention, release, and removal of noncitizens who have been ordered removed." Cabrera v. Jamison, No. 26-1441, 2026 WL 788687, at *1 (E.D. Pa. Mar. 20, 2026) (Schmehl, J.). Petitioner nevertheless argues that the statute does not authorize his detention past his 90-day removal period without some form of supervision.  (Doc. No. 4 at 7–8.)  Because he is "[a]n alien ordered removed," "inadmissible under section 1182," and thus "may be detained beyond the removal period," I disagree.  § 1231(a)(6).

2

Espinoza also argues that his detention violates his substantive and procedural due process rights. (Doc. No. 4 at 8–10.)  Again, I disagree.

"[D]etention during deportation proceedings [i]s a constitutionally valid aspect of the deportation process."  Demore v. Kim, 538 U.S. 510, 523 (2003).  "Although there is no statutory limit on the Secretary's discretion to detain noncitizens beyond the 90-day [removal] period, the Supreme Court has held that the 'presumptively reasonable' period for detention following a removal order is six months."  Cabrera, 2026 WL 788687, at *1 (citing Zadvydas, 533 U.S. at 701).  Espinoza's six-day detention is well within the "presumptively reasonable" period.  Id.; see also Johnson v. Arteaga-Martinez, 596 U.S. 573, 581 (2022) ("there is no plausible construction of the text of § 1231(a)(6) that requires the Government to provide bond hearings before immigration judges after six months of detention").  (Doc. No. 4 at 5.)

To make out a substantive due process violation, Espinoza "must demonstrate that his detention served no legitimate government purpose by demonstrating 'a misuse of governmental power that shocks the conscience.'"  Dudamel v. Jamison, No. 26-361, 2026 WL 498612, at *6 (E.D. Pa. Feb. 23, 2026) (quoting Desousa v. Garland, No. 21-3961, 2022 WL 1773604, at *3 (E.D. Pa. May 31, 2022)).  Espinoza does not make this showing.  Similarly, Espinoza —whose BIA appeal was dismissed—has not shown that he was denied "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965)).  (Doc. Nos. 4 at 5, 7-3.)  Accordingly, there is no procedural due process violation.

## IV.   PENDING REMOVAL

Finally, Petitioner asks me to enjoin his removal.  (Doc. No. 4 at 11.)  Section 1252(g) does

not allow me to consider this request:

> [N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to [1] commence proceedings, [2] adjudicate cases, or [3] execute removal orders against any alien under this chapter.

 8 U.S.C. § 1252(g).  I thus must deny his request for want of jurisdiction.  Reno v. Am.-Arab

Anti-Discrimination Comm., 525 U.S. 471, 482 (1999).

## V.   CONCLUSION

In these circumstances, I will deny Petitioner the habeas relief that he seeks.  In light of my

decision, I will deny his Motion for a Temporary Restraining Order.

    *                                   *                                   *

**AND NOW**, this 9th day of April, 2026, upon consideration of Victor Perez Espinoza's

Petition (Doc. No. 1), Motion for Temporary Restraining Order (Doc. No. 3), and "Verified

Petition" (Doc. No. 4), and the Government's Response in opposition (Doc. No. 7), it is hereby

**ORDERED** that the Petition (Doc. No. 1), Motion (Doc. No. 3), and "Verified Petition" (Doc.

No. 4) are **DENIED**.

                    **AND IT IS SO ORDERED.**


                    */s/ Paul S. Diamond*
                    Paul S. Diamond, J.